**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                                        :      Chapter 13

In re:                                                                          :

                                                                                   :      Case No. 10-37574 (cgm)

      Raymond Locascio,                             :

                                                                                   :

                                                    Debtor.     :

                                                                                   :
----------------------------------------------------------------X

**MEMORANDUM DECISION DENYING MOTION TO REOPEN CASE**

**A P P E A R A N C E S :**

Jeffrey L. Sapir
399 Knollwood Road
Suite 102
White Plains, NY 10603
*Chapter 13 Trustee*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

       The chapter 13 trustee moves to reopen a dismissed chapter 13 case. The alleged basis for reopening is a dispute between the trustee and a creditor of the Debtor. The creditor asserts a garnishment over plan payments that the trustee refunded to the Debtor pursuant to section 1326(a)(2)[1] upon dismissal of the case. The Court denies the motion to reopen. The trustee followed the clear language of the Bankruptcy Code when he refunded the payments directly to the Debtor.

---

[1] Unless otherwise noted, sectional references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2012).

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**Background[2]**

The chapter 13 trustee seeks to reopen this chapter 13 case that was dismissed by the Court on July 14, 2011. The case was dismissed because the Debtor failed to make pre-confirmation plan payments.[3] ECF No. 23. No chapter 13 plan of reorganization was confirmed.

After dismissal, the trustee refunded $9,787 directly to the Debtor pursuant to section 1326(a)(2), which requires the trustee to refund all plan payments made by the Debtor if the plan is not ultimately confirmed. According to the trustee, a creditor has alleged title to the funds pursuant to a garnishment obtained against the funds in state court. The trustee does not believe that the creditor is entitled to the funds, but the trustee does believe it is "imperative" to reopen the case so the funds can be recovered if they do belong to the creditor.

**Discussion**

**I. Under section 1326(a)(2), the chapter 13 trustee was obligated to refund the chapter 13 plan payments directly to the Debtor upon dismissal of the case, despite the garnishment.**

Section 1326(a)(2) states:

> A payment made under paragraph (1)(A) [chapter 13 plan payments] shall be retained by the trustee until confirmation or denial of confirmation. If a plan is

---

[2] Unless otherwise indicated, the facts in this Background section are taken from the trustee's motion to reopen the case (ECF No. 47).

[3] Under section 1307(c)(4), the court may dismiss a chapter 13 case for "failure to commence making timely payments under section 1326 of this title."

- 2 -

> confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. *If a plan is not confirmed*, the trustee *shall return* any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) *to the debtor*, after deducting any unpaid claim allowed under section 503(b) [emphasis added]."

There is a split of authority as to whether funds held by the chapter 13 trustee can be levied by a creditor before they are remitted to the debtor. *In re Bailey*, 330 B.R. 775, 776 (Bankr. D. Or. 2005). Some cases hold that the funds can be levied following dismissal of a chapter 13 case because the bankruptcy estate terminates[4] and the automatic stay dissipates.[5] *See, e.g., Massachusetts v. Pappalardo (In re Steenstra)*, 307 B.R. 732, 739-40 (B.A.P. 1st Cir. 2004); *In re Doherty*, 229 B.R. 461, 466 (Bankr. E.D. Wash. 1999); and *Clark v. Commercial State Bank*, 2001 WL 685529, at *7 (W.D. Tex. April 16, 2001). Other cases hold that the plain language of section 1326(a)(2) mandates return of the funds. *See, e.g., Bailey*, 330 B.R. at 776; *In re Davis*, 2004 WL 3310531, at *2 (Bankr. M.D. Ala. June 16, 2004); *In re Oliver*, 222 B.R. 272, 275 (Bankr. E.D. Va. 1998); *In re Walter*, 199 B.R. 390, 392 (Bankr. C.D. Ill. 1996). These cases reason that the language "[i]f a plan is not confirmed, the trustee…shall return any such payments…to the debtor" is very clear.[6] *Id*.

---

[4] Section 541 states that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate." The estate comprises, amongst other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(a)(1). Section 349(b)(3) provides that dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before commencement of the case under this title."

[5] Under section 362(a)(1), the filing of a bankruptcy petition creates a stay against the "continuation…of a judicial, administrative, or other action or proceeding against the debtor that was…commenced before the commencement of the [bankruptcy]." Section 362(c)(2)(B) provides that the automatic stay created by section 362(a) terminates upon the dismissal of the case.

[6] The Court notes that section 1326(a)(2) directs the trustee to pay any payments "not previously paid and not yet due and owing to creditors pursuant to paragraph (3)" directly to the debtor, meaning that payments mandated by the court under paragraph (3) are excepted from the requirement that the trustee refund payments directly to the debtor. Section 1326(a)(3) allows the court, subject to section 363 and after notice and a hearing, to "modify, increase, or reduce the payments required under this subsection pending confirmation of a plan." This provision is useful to creditors seeking to increase payment amounts above those initially set by the debtor. 8 Collier on Bankruptcy ¶ 1326.02[3] (16th ed. 2012). An example would be adequate protection payments. *Id*. The Court did not order a modification pursuant to section 1326(a)(3) in this case.

The highest court to consider this issue is the 9th Circuit Court of Appeals in *Beam v. I.R.S. (In re Beam)*, 192 F.3d 941 (9th Cir. 1999).  In that case, the Internal Revenue Service levied funds held by the chapter 13 trustee before the trustee remitted them to the debtors upon dismissal of the bankruptcy case.  *Id.* at 943.  The issue was whether the trustee had to honor the power of the I.R.S. to levy the funds, pursuant to 26 U.S.C. § 6331, or honor section 1326(a)(2) of the Bankruptcy Code, which mandated turnover directly to the debtors.  *Id.* at 944.  The Internal Revenue Code expressly states that "[n]otwithstanding any other law of the United States ..., no property or rights to property shall be exempt from [I.R.S.] levy other than the property specifically made exempt by subsection (a)."  26 U.S.C. § 3664(c).  Refunded chapter 13 payments were not incorporated in the 13 enumerated categories of exceptions to 26 U.S.C. § 6331(a).  Section 1326(a)(2) of the Bankruptcy Code gave way to the clear intent of Congress to confine exceptions to the I.R.S. levy power to those enumerated in 26 U.S.C. § 6331(a).  *Beam*, 192 F.3d at 944-45 (citing 26 U.S.C. § 6334(a)).

As noted in *Bailey*, the *Beam* case does not apply to state garnishments because *Beam* dealt with competing federal statutes.  *Bailey*, 330 B.R. at 776.  State garnishment statutes must give way to the Bankruptcy Code pursuant to the Supremacy Clause.  *Id.* (citing U.S. Const. art. VI, cl. 2).

The *Bailey* court also noted several policy rationales for remitting funds directly to the debtor:

> First, it fosters the policy of encouraging debtors who are financially able to repay their debts to file chapter 13.  It ensures that debtors who attempt chapter 13 will not be penalized for an unconfirmed attempt.  Returning the money to the debtor ensures the orderly and efficient disposition of chapter 13 cases.  Congress no doubt considered the possibility that creditors would like to participate in the money held by the trustee.  By requiring the trustee to return the money to the debtor, Congress ensured that any attempts to reach the money would ensue outside the jurisdiction of the bankruptcy court.  Therefore, unconfirmed cases

- 4 -

may be closed as quickly as statutorily possible following dismissal. Holding to the contrary would create a "race to the trustee" and effectively ignore the statutory mandate to return the money to the debtor.

330 B.R. at 777 (quoting *In re Davis*, 2004 WL 3310531, at *2 (Bankr. M.D. Ala. June 16, 2004)). The Court agrees that Congress intended to advance these policies.

The plain language of section 1326(a)(2), the policies behind that provision, and the Supremacy Clause all mandate return of plan payments directly to the debtor upon dismissal, despite the existence of a garnishment. The trustee complied with his duties under the Code in this case.

**II. To reopen a dismissed case, the trustee must establish grounds for relief "from a final judgment, order, or proceeding" under Federal Rule of Civil Procedure 60(b).**

The trustee did not state which provision he relied upon in seeking to reopen the case. Section 350(b) provides a mechanism for reopening cases, but it is inapplicable here. Section 350(b) provides that "[a] case may be reopened in the court in which such case was *closed* to administer assets, to accord relief to the debtor, or for other cause [emphasis added]." By its plain language, section 350(b) only applies to closed cases; it does not apply to cases that were dismissed. *See In re Income Property Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1982); *see also* 3 Collier on Bankruptcy ¶ 350.03 (16th ed. 2012).

Because this is a dismissed case, the trustee must rely on Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) to vacate the order of dismissal. *Id*. The Court will treat this motion as one brought under Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

- 5 -

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

The only ground available for vacating the dismissal in this case is the sixth ground under Federal Rule of Civil Procedure 60(b). There are no allegations of mistake or inadvertence, new evidence, or fraud as laid forth in Federal Rule of Civil Procedure 60(b)(1)-(3). Furthermore, those bases must be raised within one year of the order of dismissal, which was entered on July 14, 2011. Fed. R. Civ. P. 60(c)(1). There is no allegation that the judgment is void pursuant to Federal Rule of Civil Procedure 60(b)(4), or that the judgment is satisfied pursuant to Federal Rule of Civil Procedure 60(b)(5).

Whether to grant a Federal Rule of Civil Procedure 60(b)(6) motion is discretionary. *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003). It should, however, be granted "only upon a showing of exceptional circumstances." *In re Salander*, 450 B.R. 37, 53 (Bankr. S.D.N.Y. 2011) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986)).

A motion under Federal Rule of Civil Procedure 60(b)(6) will only be granted to prevent "manifest injustice." *In re Woodcock*, 315 B.R. 487, 500 (Bankr. W.D. Mo. 2004) (citing *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049–50 (9th Cir. 1993), *cert. denied*, 510 U.S. 813 (1993)). Stated differently, "[r]elief is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Woodcock*, 315 B.R. at 500 (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)).

Section 1326(a)(2) of the Bankruptcy Code mandated turnover of the property directly to the Debtor.  The trustee complied with the Code notwithstanding the garnishment.  There is no need for intervention by the Court.

## **Conclusion**

For the foregoing reasons, the chapter 13 trustee's motion to reopen the above-captioned case is DENIED.  The Court will issue a separate order reflecting these findings.


Dated: Poughkeepsie, New York
       November 5, 2012

                                     /s/ Cecelia G. Morris
                                     CECELIA G. MORRIS
                                     CHIEF UNITED STATES BANKRUPTCY JUDGE